**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

CASE NO.:

FABIOLA MUNOZ,

      Plaintiff,

v.

FAR EAST ENTERPRISE, LLP, SAIGON
2017, INC. D/B/A SAIGON BOWL and
VIET'S, INC. D/B/A VIET'S
RESTAURANT,

      Defendants.

_____/

**<u>COMPLAINT</u>**

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated

mobility-impaired individuals (hereinafter "Plaintiff"), sues FAR EAST ENTERPRISE, LLP,

SAIGON 2017, INC. D/B/A SAIGON BOWL and VIET'S, INC. D/B/A VIET'S RESTAURANT

(hereinafter "Defendants"), and as grounds alleges:

<u>JURISDICTION, PARTIES, AND VENUE</u>

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees,

litigation expenses, and costs pursuant to 42 U.S.C. § 12181, <u>et</u> <u>seq.</u>, (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, <u>et</u> <u>seq.</u> pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202,

and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, <u>et</u> <u>seq.</u>

4.      Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who

splits her time between Florida and Colorado, and is otherwise *sui juris.* Plaintiff, FABIOLA MUNOZ, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.      At all times material, Defendant, FAR EAST ENTERPRISE, LLP, owned and operated a retail shopping center at 333 S Federal Blvd Denver, Colorado 80219 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Denver, Colorado.

6.      At all times material, Defendant, FAR EAST ENTERPRISE, LLP, was and is a Colorado Limited Liability Partnership, organized under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

7.      At all times material, Defendant, SAIGON 2017, INC., owned and operated a restaurant at 333 S Federal Blvd Unit #134 Denver, Colorado 80219 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Denver, Colorado. Defendant, SAIGON 2017, INC., holds itself out to the public as "Saigon Bowl."

8.      At all times material, Defendant, SAIGON 2017, INC., was and is a Colorado Corporation, organized under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

9.      At all times material, Defendant, VIET'S, INC., owned and operated a restaurant at 333 S Federal Blvd Unit #125 Denver, Colorado 80219 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Denver, Colorado. Defendant, VIET'S, INC., holds itself out to the public as "Viet's Restaurant."

10.      At all times material, Defendant, VIET'S, INC., was and is a Colorado

2

Corporation, organized under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

11.     Venue is properly located in the District of Colorado because Defendant's Commercial Property and places of public accommodation are located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

<u>FACTUAL ALLEGATIONS</u>

9.     Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA.  FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that caused loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

13.     Defendant, FAR EAST ENTERPRISE LLP, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein,

and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of the Action.

14.     Defendants, SAIGON 2017 INC. and VIET'S, INC., are tenants of Defendant, FAR EAST ENTERPRISE LLP, they own, operate and/or oversee their respective businesses within the Commercial Property, located in Denver, Colorado, that are the subject of this Action.

15.     The subject Commercial Property is open to the public and is located in Denver, Colorado. The Plaintiff visits the Commercial Property, to include a visit to the property on or about April 14, 2022 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the property. She plans to return to and visit the Commercial Property and the other businesses located within the Commercial Property, in order to avail herself of the goods and services offered to the public at the businesses therein, if the property/businesses become accessible.

16.     Plaintiff visited the Commercial Property as a patron/customer. She visits the Commercial Property and businesses within the Commercial Property as a patron/customer and intends to return to the Commercial Property and businesses therein in order to avail herself of the goods and services offered to the public at the property. Plaintiff spends much of her time in and near Denver, Colorado, in the same state as the Commercial Property within four (4) months of the filing of this Complaint, has frequented the Defendant's Commercial Property and named businesses located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

17.     The Plaintiff, FABIOLA MUNOZ, found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

18.     The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses therein.  The barriers to access at Defendant's Commercial Property and Defendants' businesses within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

19.     Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of the Title III ADA violations on the Defendants' place of public accommodation.

20.     Defendants, FAR EAST ENTERPRISE, LLP, SAIGON 2017, INC., and VEIT'S, INC., own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants own and operate is located within the Commercial Property businesses located at 333 S Federal Blvd Denver, Colorado 80219.

21.     Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I through Count III of the Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself to the goods and services available at the Commercial

5

Property, and businesses located within the Commercial Property, but to assure that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

22.      Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS
AS TO FAR EAST ENTERPRISE LLP**

23.      The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.      Defendant, FAR EAST ENTERPRISE LLP, has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25.      Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces do not have compliant aisles (Viet's Restaurant parking area), which are required to be <60" wide pursuant to the ADAAG and ADAS Section 502, impeding Plaintiff from unloading.

ii. Accessible spaces do not have compliant aisles (Saigon Bowl's parking area), which are required to be <60" wide pursuant to the ADAAG and ADAS Section 502, impeding Plaintiff from unloading.

iii. Accessible spaces do not have compliant aisles (Little Saigon Supermarket parking area), which are required to be <60" wide pursuant to the ADAAG and ADAS Section 502, impeding Plaintiff from unloading.

iv. Accessible spaces lack clear and level aisles (Saigon Bowl's parking area), they have slopes or cross slope of 3.5% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

v. Accessible spaces lack clear and level aisles (Little Saigon Supermarket's parking area), they have slopes or cross slope of 5.5% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

vi. Parking spaces (Viet's Restaurant Parking Area) are not on the nearest, most direct accessible route from parking to access facility entrances), violating the ADAAG and ADAS Section 502, preventing Plaintiff from safely accessing Far East Center without restriction or assistance.

vii. Parking spaces (Saigon Bowl's parking area) are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502, preventing Plaintiff from safely accessing Far East Center without restriction or

assistance.

viii.   Plaintiff was unable to find signs posted (Saigon Bowl's parking area) which are required to be at < 60" AFF, as required by ADAAG Section 4.6 and ADAS Section 502.

ix.   Plaintiff was unable to find signs posted (Viet's Restaurant parking area) which are required to be at < 60" AFF, as required by ADAAG Section 4.6 and ADAS Section 502

x.   Plaintiff was unable to find signs posted (Little Saigon Supermarket's parking area) which are required to be at < 60" AFF, as required by ADAAG Section 4.6 and ADAS Section 502.

xi.   Plaintiff could not safely unload as ramps protrude into the parking areas or access aisles at Far East Center creating slopes of 13% and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

B.   Entrance Access and Path of Travel

i.   There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Far East Center which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii.   Accessible routes at Far East Center (route to Little Saigon Supermarket) have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii.   Ramps at Far East Center (Little Saigon Supermarket area) lack compliant landings at top and bottom of each run (30" rise max) endangering Plaintiff and violating the ADAAG and ADAS Section 405.

iv.   Ramp surface (route to Far East Center) contains an excessive slope/side slope of 9.8% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

v.      Curb ramps at Far East Center's parking area contain excessive slopes of 13.9% (>8.33 %) preventing Plaintiff from safe unloading violating ADAAG and ADAS Section 406.

vi.     Curb ramps at Far East Center's parking area contain excessive slopes of 11.1% (>8.33 %) preventing Plaintiff from safe unloading violating ADAAG and ADAS Section 406.

vii.    Ramp at Far East Center is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

viii.   Path of travel connecting areas of Far East Center (to Saigon Bowl) are 26" (<36" or 32" for < 2') below required width, violating ADAAG Section 4.3 and Section 403 of the ADAS.

ix.     No accessible route between floors violating Section 206 of the ADAS.

**COUNT II – ADA VIOLATIONS**
**AS TO FAR EAST ENTERPRISE LLP and SAIGON 2017 INC.**

26.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

27.     Defendants, FAR EAST ENTERPRISE LLP and SAIGON 2017 INC., have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

28.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and businesses within the Commercial Property, include, but are not limited

to, the following:

    A.  <u>Access to Goods and Services</u>

i.    Table knee and toe space is high (27" min) and deep (17" min), preventing use by Plaintiff.

    B.  <u>Restrooms</u>

i.    Sinks mounted 36" (34" max) to rims, denying access to Plaintiff, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

ii.    Sink knee clearance (27" min @ 8" deep) prevents Plaintiff from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

iii.    Plaintiff unable to use Mirror due to bottom-reflecting surface 50" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.

iv.    Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

v.    Toilet flush valve not mounted on wide side, denying access to Plaintiff, violating the ADAAG and 2010 ADAS Sec. 604.

**<u>COUNT III – ADA VIOLATIONS</u>**
**<u>AS TO FAR EAST ENTERPRISE LLP and VIET'S, INC.</u>**

29.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

30.    Defendants, FAR EAST ENTERPRISE LLP and VIET'S, INC., have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 <u>et seq</u>.

10

31.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

A.  <u>Access to Goods and Services</u>

i.      Table knee and toe space is 0", high (27" min) and deep (17" min), preventing use by Plaintiff.

B.  <u>Restrooms</u>

i.      Sinks mounted 40" AFF (34" max) to rims, denying access to Plaintiff, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

ii.     Grab bars Extends < 54" from rear wall do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

iii.    Toilet has improper centerline 20" from side wall; (16" to 18"), denying access to Plaintiff, violating the 2010 ADAS.

iv.     Plaintiff cannot access the storage areas, as the storage hook is >48" AFF, violating the ADAAG and 2010 ADAS.

**<u>RELIEF SOUGHT AND THE BASIS</u>**

32.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requested an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

11

requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. The remediations for the ADA violations listed herein are readily achievable.

33.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

35.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36.     While Defendant, FAR EAST ENTERPRISE LLP, as landlord and owner of the Commercial Property, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations within the tenants' leased places of public accommodation.

37.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

38.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

39.      Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant businesses to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 18, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail:  ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:  ___*/s/ Anthony J. Perez*___
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713